UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRITNEY BLOCKER,                                                                                                        Plaintiff,

v.                                                                            Civil Action No. 3:17-cv-29-DJH

PPG INDUSTRIES, INC.,                                                           Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Britney Blocker sued her former employer, Defendant PPG Industries, Inc., in Jefferson Circuit Court. She alleges that PPG unlawfully discriminated against her and failed to pay wages to which she was entitled. (Docket No. 1-1) PPG removed the case, invoking this Court's diversity jurisdiction. (D.N. 1) Blocker seeks remand on the ground that the amount in controversy does not exceed $75,000. (D.N. 6) Attached to Blocker's motion is a stipulation purporting to limit the amount in controversy. (D.N. 6-1) Because Blocker's stipulation is not the first statement of the amount in controversy, and because PPG has shown by a preponderance of the evidence that the amount-in-controversy requirement is met, the motion to remand will be denied.

**I.**

Blocker worked for PPG from 2006 to November 2016, when her employment was terminated. (*See* D.N. 1-1, PageID # 9, 11) She alleges that PPG discriminated against her on the bases of pregnancy, disability, and gender in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.040. (*Id.*, PageID # 12-13) In addition, she claims that PPG "failed to timely and fully pay her earned wages" in violation of Ky. Rev. Stat. § 337.385.[1] (*Id.*, PageID # 13)

---

[1] Specifically, Blocker alleges that PPG "failed to timely pay . . . her final paycheck." (D.N. 1-1, PageID # 12)

1

Blocker's complaint includes several apparent attempts to prevent removal. She first alleges that "[t]he amount in controversy, exclusive of interest[], costs and fees, is more than th[e Jefferson Circuit] Court's jurisdictional minimum, but less than seventy-five thousand dollars ($75,000.00)." (*Id.*, PageID # 8) Thereafter, with respect to each of her five claims—four under the KCRA and one under Ky. Rev. Stat. § 337.385—Blocker asserts that as a result of PPG's statutory violation, she "has been damaged in an amount in excess of the minimum jurisdictional limits of th[e state] court, but less than the amount of seventy-five thousand dollars ($75,000.00)." (*E.g.*, *id.*, PageID # 13 ¶ 48) In her prayer for relief, Blocker demands "[c]ompensatory damages including but not limited to past and future lost wages and future lost benefits, in an amount not to exceed seventy-five thousand dollars ($75,000.00)," as well as "[c]ompensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment, in an amount not to exceed seventy-five thousand dollars ($75,000.00)." (*Id.*, PageID # 14) She also seeks statutory attorney fees. (*Id.*)

Citing the complaint, PPG argued in its notice of removal that each of Blocker's claims sought up to $75,000. (*See* D.N. 1, PageID # 2-3) It attached a pay stub showing that Blocker earned $5,119.75 per month at the time of her termination. (D.N. 1-2) PPG further noted that attorney fees are to be included when determining the amount in controversy, and it cited caselaw indicating that an estimated fee award of fifty percent of damages is reasonable. (D.N. 1, PageID # 4 (citing *Carrollton Hospitality, LLC v. Ky. Insight Partners II, LP*, No. 13-21-GFVT, 2013 U.S. Dist. LEXIS 156032, at *13 (E.D. Ky. Oct. 31, 2013))) Based on these calculations, PPG concluded that the $75,000 threshold was easily met. (*See id.*)

Blocker moved to remand, attaching a stipulation that she "will not seek or accept damages in excess of $75,000.00, inclusive of punitive damages, attorneys' fees, and the fair value of any injunctive relief." (D.N. 6-1; *see* D.N. 6) She maintains that she "unequivocally

2

state[d] numerous times in her Complaint that she is seeking damages in an amount *less than* $75,000" and that the amount in controversy thus does not exceed that amount. (D.N. 6, PageID # 25; *see id.*, PageID # 26) Accordingly, she argues, remand is required.[2] (*Id.*, PageID # 25-26)

**II.**

The Court has jurisdiction over civil actions involving citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). When a case is removed based on diversity and the plaintiff contends that the amount in controversy is insufficient, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see* § 1446(c)(2)(B). According to Blocker, the stipulation attached to her motion to remand establishes that the requirement is not met here. (D.N. 6, PageID # 26)

The Sixth Circuit held in *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000), that "a post-removal stipulation reducing the amount in controversy below the jurisdictional limit does not require remand to state court." *Id.* at 872. An exception to this rule exists for a plaintiff who makes an "unequivocal" post-removal stipulation when the state court where the case was filed did not permit a specific demand for damages. *See Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478-82 (6th Cir. 2014). In other words, "[a] plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where [the] plaintiff provides specific information about the amount in controversy for the first time'" following removal. *Id.* at 481 (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). Under those circumstances,

---

[2] In addition, Blocker asks the Court to award her costs and expenses associated with removal. (D.N. 1-1, PageID # 26) Because the Court concludes that removal was proper, no such award is warranted. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

3

the stipulation amounts to "a clarification rather than a reduction of the amount in controversy" and thus does not run afoul of the rule adopted in *Rogers*. *Id.* (citing *Egan*, 237 F. Supp. 2d at 778).

Kentucky's pleading rules do not permit a plaintiff to specify in the complaint the amount of damages sought. *See* Ky. R. Civ. P. 8.01(2). Consistent with those rules, Blocker's complaint did not demand a specific amount. (*See* D.N. 1-1) It did, however, contain several statements concerning the damages Blocker sought to recover, as quoted above. (*See id.*, PageID # 8, 12-14) Thus, Blocker's stipulation is not the first statement of the amount in controversy and cannot be considered a "clarification rather than a reduction." *Shupe*, 566 F.3d at 481 (citing *Egan*, 237 F. Supp. 2d at 778); *see Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 U.S. Dist. LEXIS 133362, at *14 (W.D. Ky. 2014). "[T]he general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction" therefore applies. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 n.1 (2007) (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998)); *see Rogers*, 230 F.3d at 872.

Having found that Blocker's stipulation does not defeat jurisdiction, the Court still must decide whether PPG has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B). In support of its jurisdictional allegations, PPG submitted a pay stub showing that Blocker earned $5,119.75 per month. (D.N. 1-2) As PPG notes in response to the motion to remand, "[e]ven if this matter had an accelerated schedule and went to trial a year and a half from removal, the amount in controversy for back pay alone [would] be $102,395." (D.N. 15, PageID # 68 n.1) Indeed, even one year from removal, an award of back pay would nearly reach the amount-in-controversy threshold: based on the evidence submitted by PPG, Blocker would have earned $71,676.50 from November 4, 2016, to January 17, 2018 ($5,119.75 x 14 months).

Back pay accrued "through the projected trial date" is properly included in the amount-in-controversy calculation where—as here—the plaintiff seeks past and future wages. *Shupe*, 566 F. App'x at 480 (citing *Weaver v. AT&T Corp.*, No. 10-146-C, 2010 U.S. Dist. LEXIS 60528, at *4 (W.D. Ky. June 18, 2010)). (*See* D.N. 1-1, PageID # 14) Statutory attorney fees are also counted. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 377 (6th Cir. 2007) (citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168-69 (6th Cir. 1975)). Here, both statutes under which Blocker seeks relief provide for recovery of attorney fees. *See* Ky. Rev. Stat. §§ 344.450, 337.385(1). Combined with a back-pay award of only one year from removal, a fee award of as little as $5,000 would push the amount in controversy past $75,000. As any trial in this matter will take place later than January 2018 and Blocker's legal fees will no doubt exceed $5,000, the Court finds that it is more likely than not that the case involves an amount in controversy greater than $75,000, exclusive of interest and costs.[3]

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Blocker's motion to remand (D.N. 6) is **DENIED**.

August 9, 2017

**David J. Hale, Judge
United States District Court**

---

[3] Damages for emotional distress under the KCRA and liquidated damages under Ky. Rev. Stat. § 337.385, both of which Blocker also seeks, further increase the amount in controversy. *See Shupe*, 566 F. App'x at 478-79 (explaining that "[a] successful claim under the Kentucky Civil Rights Act entitles a plaintiff to 'actual damages,'" which "include back pay, front pay, lost benefits, humiliation, emotional distress, embarrassment, and attorney's fees" (citations omitted)); *Estes v. Allstate Ins. Co.*, No. 3:12-CV-00182, 2012 U.S. Dist. LEXIS 155477, at *7 (W.D. Ky. Oct. 29, 2012) (concluding that liquidated damages under Kentucky Wage and Hour Act are properly included in amount-in-controversy calculation). (*See* D.N. 1-1, PageID # 14)